101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Christina ISAZA-ZAPATA, Defendant-Appellant.
 No. 95-1646.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 1
 Michael Bruce Cohen, New York City, for Appellant.
 
 
 2
 Susan Corkery, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.
 
 
 3
 Present: WINTER, CABRANES, Circuit Judges, MOTLEY, District Judge.*
 
 
 4
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Christina Isaza-Zapata appeals from a conviction, following a jury trial before Judge Gleeson, for importation of a controlled substance in violation of 21 U.S.C. § 952(a) and § 960(b)(2)(A), and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). Judge Gleeson sentenced her to 60 months imprisonment, followed by four months supervised release, and a $100 special assessment.
 
 
 7
 Appellant challenges her conviction on two grounds: i) the district court abused its discretion by not granting her pretrial request to depose a medical doctor in Colombia, South America; and ii) the prosecutor made comments during closing argument that were so prejudicial as to deny her a fair trial. We reject both claims.
 
 
 8
 Isaza brought heroin to the United States in a false compartment in her suitcase. She claimed that she was unaware of the illegal contents of the suitcase because she had borrowed the suitcase from a friend. Isaza claims that a deposition of her Colombian doctor would have corroborated her testimony that a motorcycle accident left her physically incapable of lifting the suitcase in question during her trip to the United States. She contends that because she never lifted the suitcase, she had no occasion to notice that one side of the suitcase was heavier than the other, the heavier side being loaded with heroin.
 
 
 9
 Federal Rule of Criminal Procedure 15(a) allows the taking of depositions in criminal cases only in "exceptional circumstances." To establish exceptional circumstances we consider whether the witness is unavailable to testify at trial and whether the witness's testimony is material to the case. United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir.), cert. denied, 469 U.S. 1075 (1984); United States v. Feijoo-Tomala, 751 F.Supp. 40, 43 (E.D.N.Y.1990). Appellant satisfies neither requirement.
 
 
 10
 To show unavailability, the moving party must make a good faith effort to produce the person to testify. Johnpoll, 739 F.2d at 709. Isaza made no attempt to contact the doctor prior to trial; she merely assumed that he was unavailable because he resides outside of the United States. We agree with the district court that residence outside United States territory is alone insufficient to show unavailability. United States v. Ismaili, 828 F.2d 153, 160 (3d Cir.1987), cert. denied, 485 U.S. 935 (1988); cf. Johnpoll, 739 F.2d at 709; United States v. Sindona, 636 F.2d 792, 804 (2d Cir.1980), cert. denied, 451 U.S. 912 (1981).
 
 
 11
 Isaza also failed to show that her Colombian doctor's testimony was material to her defense. Her ability to lift the suitcase was at best marginally relevant. Moreover, her point did not require the testimony of the Colombian doctor; an American doctor could have provided the same testimony because Isaza received extensive hospital treatment immediately after she was incarcerated.
 
 
 12
 Isaza's second claim--that the prosecutor's prejudicial comments during closing argument denied her a fair trial--is also meritless. She argues that two statements improperly personalized the prosecutor's summation and left the jury with the impression that the government had access to facts not in evidence.
 
 
 13
 Isaza argues that the first statement by the prosecutor--"[if] I had just been in an accident, I wouldn't be looking to take a big bag like this."--improperly expressed counsel's personal belief. However, Judge Gleeson sustained Isaza's objection to the comment and struck it from the record. Nevertheless, Isaza maintains that the prosecutor's misstatement denied her a fair trial because the judge gave no curative instructions after the comment, and the jury asked for a readback of Isaza's testimony before they returned a verdict.
 
 
 14
 We will overturn a conviction based on improper statements in the prosecutor's closing argument only when "the remarks cause[ ] the defendant substantial prejudice." United States v. Rosa, 17 F.3d 1531, 1549 (2d Cir.) (citations omitted), cert. denied, 115 S.Ct. 211 (1994). We consider three factors in determining whether substantial prejudice exists: i) the severity of the misconduct, ii) the curative measures taken, and iii) the certainty of conviction absent the improper remarks. Id. at 1549; United States v. LaMorte, 950 F.2d 80, 83 (2d Cir.1991), cert. denied, 504 U.S. 909 (1992). Moreover, in making this determination we "consider the objectionable remarks within the context of the entire trial." United States v. Espinal, 981 F.2d 664, 666 (2d Cir.1992) (citation omitted).
 
 
 15
 We are not persuaded that the prosecutor's comment resulted in any prejudice to Isaza. Although the comment was improper, the judge sustained the objection, warned the prosecutor, "[d]on't personalize," and struck the statement from the record. The prosecutor conformed his remaining summation to the court's ruling. There is no reason whatsoever to conclude that this isolated statement denied Isaza a fair trial. See United States v. Bautista, 23 F.3d 726, 733-34 (2d Cir.), cert. denied, 115 S.Ct. 174 (1994).
 
 
 16
 Isaza argues that the prosecutor's second statement--"I am going to ask you to think about defendant's story from two perspectives. First, again, I know this never happened, and I'm not trying to impugn anything, but I am going to ask you about yourself as a drug dealer ..." (emphasis added)--constitutes another personalized comment, aiming at the veracity of Isaza's testimony and implying that the government had access to facts not in evidence. However, the context of the challenged phrase clearly indicates that the prosecutor was simply asking the jurors to put themselves in the shoes of a drug dealer. The statement "I know this never happened" meant only, "I know you, the jury, are not drug dealers." The comment was, therefore, not improper.
 
 
 17
 We therefore affirm.
 
 
 
 *
 The Hon. Constance Baker Motley, United States District Judge for the Southern District of New York, sitting by designation